MEMORANDUM **
The district court did not err in determining that Kalish’s offense involved preparation to carry out a threat of serious bodily injury, and therefore did not err in increasing her base offense level by three levels pursuant to U.S.S.G. § 2B3.2(b)(3)(B). In her plea agreement, Kalish stated that she “understood and intended that CW [the government’s cooperating witness] would collect the debt from Testa by the use or threats of force or fear.” Further, the district court found that Kalish intended and agreed that CW would make threats to cause serious bodily injury and would potentially use force against Testa. These findings were not clearly erroneous. With respect to Kalish’s preparation to carry out these threats, Kalish stipulated in her plea agreement that she and her partner provided CW with $2,000 to cover his travel expenses to Philadelphia. The PSR stated that Kalish gave CW detailed information regarding the victim’s daily routine and how to locate him in Philadelphia, and the parties do not dispute these findings.
Under the plain language of U.S.S.G. § 2B3.2(b)(3)(B), Kalish’s activities constitute “preparation to carry out a threat” of serious bodily injury. See United States v. Panaro, 266 F.3d 939, 954 (9th Cir.2001). Although application note 6 to U.S.S.G. § 2B3.2(b)(3)(B) gives examples of extortionate demands that were intended to demonstrate the defendant’s preparation to carry out a threat of hai’m to the victim, we have previously upheld an enhancement under U.S.S.G. § 2B3.2(b)(3)(B), even where the victim was unaware of the existence of any such threat. See id.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provid *851 ed by 9th Cir. R. 36-3.